[J-85-2019] [MO: Todd, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**


| | | |
|---|---|---|
| MENDY TRIGG, INDIVIDUALLY AND SMITHFIELD TRUST, INC., AS THE GUARDIAN OF THE ESTATE OF J. T., A MINOR, | : | No. 3 WAP 2019 |
| | : | |
| | : | Appeal from the Order of the |
| | : | Superior Court dated May 14, 2018 |
| | : | at No. 1041 WDA 2017, vacating the |
| Appellees | : | Judgment of the Court of Common |
| | : | Pleas of Allegheny County entered |
| | : | June 28, 2017 at No. GD 13-002322 |
| v. | : | and remanding |
| | : | |
| | : | ARGUED:  October 15, 2019 |
| CHILDREN'S HOSPITAL OF PITTSBURGH OF UPMC, | : | |
| | : | |
| | : | |
| Appellant | : | |


## CONCURRING OPINION


**JUSTICE DONOHUE**                **DECIDED:  APRIL 22, 2020**

Pursuant to the procedure for civil case voir dire in the Allegheny County Court of Common Pleas in place at the time of the underlying proceedings, the voir dire in this matter was conducted by a court clerk.  *See* A.C.L.R.C.P. 220.1.[1]  During that process, Appellees asserted for-cause challenges to particular jurors, including Juror 29, but did not request the presence of, or object to the absence of, a judge for the questioning of the potential veniremen.  The record confirms that at no point prior to the commencement of voir dire or during voir dire did Appellees sound an objection to the absence of a judge

---

[1] The Allegheny County Local Rules of Civil Procedure have since been amended to provide that a party or parties may request that a judge preside over the voir dire proceedings.  *See* A.C.L.R.C.P. 212.2(d) (effective February 18, 2020).

from the process. Subsequently, in their post-trial motion, Appellees argued that it was error for the calendar control judge, the Honorable Ronald W. Folino, to deny their challenge for cause as to Juror 29 because Judge Folino did not have the opportunity to "observe the demeanor or tenor of the challenged venireman's answers[,]" and therefore should have presumed that the challenged venireman exhibited extreme bias. Post-Trial Motion, 4/3/2017, ¶ 36. Even if we are to assume that this pointed claim encompasses a challenge to the voir dire procedure generally, pursuant to Rule of Civil Procedure 227.1(b), Appellees were required to raise the objection during the voir dire proceedings in order to preserve it as a basis for post-trial relief. *See* Pa.R.C.P. 227.1(b). Thus, I reluctantly agree with the Majority's conclusion that Appellees waived their challenge to Allegheny County's civil voir dire procedure.

Pursuant to our issue preservation requirements, Appellees should have objected to the judge's absence at the outset of voir dire even though, as the local rule provided that the judge would not be present for questioning of the jury pool, an objection at that point would likely have been futile. Moreover, as Appellees explained, they had no need to object to the absence of a judge until Juror 29 gave a response that caused Appellees to question her impartiality. Although they were offered the option of calling Juror 29 before Judge Folino to recreate the voir dire questioning, *see* Maj. Op. at 6, Appellees elected to resolve their dispute on the basis of a transcript instead. In my opinion, it cannot be disputed by anyone who has ever picked a jury that summoning Juror 29 to Judge Folino's courtroom for questioning would have yielded responses that differed in demeanor, if not content, from her initial responses. The prospective juror would have been singled out, removed from the jury assignment room, and taken to a courtroom to

appear before a judge (who, it must be remembered, has not appeared at any point in the proceedings) for examination. Given the gravity of these circumstances, even the most forthcoming prospective juror would second guess her initial answers. At the very least, her comportment when responding, for a second time, to the same questions would be altered. In my view, being afforded the option to have Juror 29 appear before Judge Folino at that point in the proceedings is not functionally equivalent to the judge's presence during the initial questioning.

This problem strikes at the heart of my reservations about voir dire procedures that permit questioning potential jurors outside of the presence of a trial judge. Voir dire is an essential component of our constitutional right to trial by jury. Article 1, Section 6 of the Pennsylvania Constitution provides the citizens of this Commonwealth with the right to a trial by an impartial jury. PA. CONST. art.1, § 6; *see also Bruckshaw v. Frankford Hosp. of City of Philadelphia*, 58 A.3d 102, 108–09 (Pa. 2012) (("[T]he right to a trial by an impartial jury is enshrined in the Pennsylvania Constitution, which guarantees that 'trial by jury shall be as heretofore, and the right thereof remain inviolate.'"). This constitutional right extends to both criminal and civil trials, and accordingly, the fairness and impartiality requirements for juries "are as scrupulously protected in a civil case as in a criminal case." *Bruckshaw*, 58 A.3d at 109. Indeed, we have recognized the fair and impartial jury as the "keystone" of our legal system. *Colosimo v. Pennsylvania Elec. Co.*, 518 A.2d 1206, 1209 (Pa. 1986); *see also Bruckshaw*, 58 A.3d at 109 ("One of the most essential elements of a successful jury trial is an impartial jury.").

Voir dire is the process by which trial courts secure the fair and impartial juries required by our Constitution. *See, e.g., Shinal v. Toms,* 162 A.3d 429, 438 (Pa. 2017);

*Commonwealth v. Smith*, 131 A.3d 467, 477 (Pa. 2015); *Commonwealth v. Paolello*, 665 A.2d 439, 450 (Pa. 1995); *Bentivoglio v. Ralston*, 288 A.2d 745, 749 (Pa. 1972). Through questioning, trial courts screen potential jurors for "bias or relationships to the parties, lawyers, or matters involved. Importantly, it is not simply the fact of partiality, but also the appearance of partiality or bias, that the trial court must consider." *Shinal*, 162 A.3d at 438. As we have explained in the context of criminal proceedings:

> [t]he role of the trial judge during voir dire is as arbiter of a mixed question of fact and law, and that the canvassing of prospective jurors for the possibility of a hardened opinion in derogation of the constitutional imperative of trial by "impartial, 'indifferent' jurors," *Irvin v. Dowd*, [] 366 U.S. 717[,]722 [1961], is to be performed before the trial judge is not an empty requirement. The opportunity to observe the demeanor of the prospective juror and the tenor of the juror's answers is indispensable to the judge in determining whether a fair trial can be had in the community. Claims of impartiality by prospective jurors are subject to scrutiny for credibility and reliability as is any testimony and the judgment of the trial court is necessarily accorded great weight. As stated in *United States v. Wood*: "Impartiality is not a technical conception. It is a state of mind. For the ascertainment of this mental attitude of appropriate indifference, the Constitution lays down no particular tests and procedure is not chained to any ancient and artificial formula." [*United States v. Wood*, 299 U.S. 133, 145-46 (1936).]

*Commonwealth v. Bachert*, 453 A.2d 931, 936–37 (Pa. 1982). Trial judges enforce the right to an impartial jury, as it is they who determine whether a prospective juror must be disqualified or whether she is able to put aside biases or prejudices upon proper instruction from the court. *Shinal*, 162 A.3d at 440. We recently expounded on the importance of the trial judge's ability to observe a prospective juror for the purposes of making these critical credibility determinations in situations involving allegations of actual

prejudice in a civil case.[2] Where a potential juror's conduct or answers to questions reveal a likelihood of prejudice, we explained that "much depends upon the answers and demeanor of the potential juror as observed by the trial judge[,]" as it is the trial judge who

> sees [the potential juror] and hears what is said; and is able to form his opinion as much from the proposed juror's conduct as from the words which he utters, printed in the record. Hesitation, doubt, and nervousness indicating an unsettled frame of mind, with other matters, within the judge's view and hearing, but which it is impossible to place in the record, must be considered.

*Id.* at 441-42.[3] In recognition of the significance of the trial judge's contemporaneous observations, appellate courts defer to the trial judge's determination absent palpable error when reviewing rulings involving claims of actual prejudice. *Id.*

Considering the great importance placed on the requirement for a fair and impartial jury, and the role of the trial judge in the seating of such juries, it cannot be contested that the empaneling of a jury is critical to assuring a fair and impartial jury. Because the right to an impartial jury is guaranteed for both criminal and civil jury trials, *Bruckshaw*, 58 A.3d at 109, a judge's role in voir dire is no less crucial in a civil case than in a criminal case. Inexplicably, this is not duly reflected in our rules. In the criminal context, the judge's presence is required. *See* Pa.R.Crim.P. 631(A) ("Voir dire of prospective trial jurors and prospective alternate jurors shall be conducted … in the presence of a judge" unless the

---

[2] "Actual prejudice" in the context of voir dire refers to situations in which "a juror's prejudice is revealed through his or her conduct or answers." *Shinal v. Toms*, 162 A.3d 429, 441 (Pa. 2017).

[3] This kind of conduct that is not capable of capture on a cold record is the same conduct that cannot be replicated when a juror is summoned to the calendar control judge's courtroom after initial questioning, pursuant to the Allegheny County civil voir dire procedure.

parties and the judge agree to waive the judge's presence). The analogous rule in the civil context "does not dictate the mechanics of voir dire, but leaves the method … to the local courts of common pleas." Pa.R.C.P. 220.3, Explanatory Comment -1997. As the constitutional right to a fair and impartial jury extends to civil and criminal matters, *see Bruckshaw,* 58 A.3d at 109, I see no principled reason for this disparate treatment and I believe that rectification of this disparity should be referred to our Civil Procedural Rules Committee.

As we can see from the case presently before us, this unequal treatment in our procedural rules can, and has, led to the promulgation of local rules for voir dire in civil cases that operate without the express oversight of a trial judge. These procedures, in my view, improperly ignore the critical function performed by a trial judge in voir dire proceedings.[4]

Justices Baer, Dougherty, Wecht and Mundy join this concurring opinion.

---

[4] Thus, I am encouraged by Allegheny County's recent revision of its local rule to permit parties in civil cases to request the participation of a trial judge in voir dire, *see* note 1, supra, which works to eliminate the unequal treatment that has been given to voir dire, the mechanism by which we ensure the constitutional right to trial by an impartial jury, in civil and criminal cases.